RAMÓN GONZÁLEZ-FERNÁNDEZ, Appellant, v. REGISTRAR OF SAN JUAN, Respondent.

No. 711. Submitted March 2, 1928.—Decided March 16, 1928.

806

Daniel Pellón Jr. for the appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

Felícita Alvarez García, a minor emancipated by consent of her mother after the death of her father, executed a public deed for the cancellation of a mortgage credit allotted to her in the partition of her father's estate, but the registrar of property refused to record that mortgage cancellation in his books because it had not been made with the consent of the legal representative of the minor. This decision has been appealed from by the mortgagor, Ramón González Fernández, who prays this court to reverse it and order the record.

The respondent registrar cites in support of his decision the cases of Benítez Hermanos v. Registrar, 17 P.R.R. 221; García v. Garzot, 18 P.R.R. 835; Gómez v. Registrar, 26 P.R.R. 223, and Loubriel v. Registrar, 26 P.R.R. 662. In García v. Garzot, supra, the question was the validity of the mortgage cancellation authorized by a minor emancipated by marriage and we said that as the cancellation of a mortgage is an act of alienation, the minor could not authorize the cancellation without the consent of his legal representative. The other cases cited referred to cancellations of mortgages by attorneys in fact and we held that as such cancellations carried with them the alienation of real rights, express power was necessary. In the case of Benítez Hermanos, supra, citation was made of the decision of the Directorate of Registries of Spain of September 22, 1879, wherein it was held that acts or contracts by which recorded real rights are extinguished or canceled amount to an actual alienation. In

*Garcia* v. *Garzot* reference was made to subdivision 10 of section 335 of the Civil Code which classifies real rights as immovables.

Notwithstanding these decisions the appellant insists that the emancipated minor does not need the consent of his legal representative for canceling mortgages, because the only restrictions imposed by section 307 of the Civil Code on an emancipated minor are that he can not make any promise or contract any obligation exceeding in value the amount of his income for one year, or encumber or sell his real property, or appear in a suit, without the consent of his father, mother or tutor, as the case may be. Therefore he argues that as the cancellation of a mortgage is not included among those restrictions, it must be excluded for the reason that prohibitive statutes should be construed strictly, and in support of his contention he cites the decisions of the General Directorate of Spain of March 15, 1902, and June 3, 1890, as well as commentator Barrachina on the Mortgage Law, who invokes the said decision of June 3, 1890.

That decision of 1890 did not refer to the cancellation of a mortgage by an emancipated minor without the consent of his legal representative, but to a sale made by two emancipated minor married women with the consent of their mother, the question raised by the registrar being that they needed also the consent of their respective husbands, and that section 317 of the Spanish Civil Code, similar to said section 307 of our Civil Code, referred to voluntary emancipation and only to males, it having been held in that decision that as the law did not distinguish between the emancipation of males and females, the registrar's proposed distinction could not be made; therefore, that decision throws no light on the matter under consideration. The other decision of 1902 does decide the question in the terms now alleged by the appellant, but we must say that the same Directorate of Registries held

contrariwise on September 22, 1879, that decision being cited in the case of *Benítez Hermanos, supra.*

The main contention of the appellant is that as the restriction of the law refers to sales, that of the cancellation of mortgages should not be added, but the fact is that we add no new restriction to the statute, having held that such cancellation is included in the restriction of alienating without the consent of the legal representative, because a cancellation is equivalent to an alienation of a real right; and although section 307 does not use the word "alienation," but the word "sale," the two words have been used as synonymous in this connection by the legislators, inasmuch as in section 309 treating of emancipation by marriage it is said that a minor so emancipated can not alienate without the consent of his legal representative.

In view of the foregoing we sustain our opinion on the point under discussion and hold that the registrar was right in refusing the record in consideration of the decisions cited. Therefore the decision appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.